SOUTH COAST CORPORATION *v.* MILBURN-JOHNSTON GROCERY COMPANY.

4-5133

Opinion delivered June 27, 1938.

*Brundidge & Neelly,* for appellant.

*C. E. Yingling,* for appellee.

HUMPHREYS, J. The appellant in this case brought suit against appellee in the circuit court of White county to recover a balance due it for a car of sugar which was purchased by appellee through A. S. Baker & Co., merchandise brokers, of Little Rock, Arkansas, from appellant in September, 1935, and which was delivered by appellant to appellee in December of the same year. The order for the sugar does not appear in the abstract, but the confirmation of the sale appears in the abstract and is as follows:

"A. S. Baker Company,

"No. 3 Commercial Bldg.,

"Little Rock, Ark.

"Gentlemen:

"We Acknowledge and Confirm Sale.

"To Messrs. Milburn-Johnston Grocery Company, of Searcy, Ark., for 600 bags of White Gold standard cane sugar as submitted in your order No. 575.

"This sale is entered at $5 basis price plus .289, prepay and under the following terms:

"Four payment plan, price guaranteed against decline of our own list price only due date of each payment. It is our policy to hold our list price at ten points below that of standard Seaboard Cane Refiners. Buyer to be allowed 10 cents per bag special confidential allowance to be paid buyer by check on the 10th of the month following month in which shipment is made. Shipment buyer's opinion not later than Nov. 30, 1935.

"Kindly secure and submit specifications and shipping instructions in due course.

"And oblige,

> "Yours truly,
> "The South Coast Company,
> "By W. H. LeBourgeois,
> "Sales Department."

The duplicate invoice mailed by appellant to appellee on December 5, 1935, when the sugar was shipped appears in the abstract and is as follows:

> "The South Coast Corporation
> "1204 Carondelet Building
> "New Orleans, La.
> "December 5, 1935.

"To Milburn-Johnston Grocery Co.,

| | |
|---|---|
| "Searcy, Ark. | Invoice No. 104 |
| "Shipped to Searcy, Ark. | Shipment No. 192 |
| "From Georgia Refinery | Broker A. S. Baker |
| "Via Mo. Pac.—DKS | |

"Terms: four payment plan.

"Car No. SP-31113

| | |
|---|---|
| "575-100 lb. Bulk Toweling White Gold Granulated Sugar 57500 lb. at 4.70 | $2,702.50 |
| "25 Bales 10-10s White Gold Granulated Sugar 2500 lbs. at 4.85 | 121.25 |
| | $2,823.75 |
| "Freight: 600 bags at .289 | 173.40 |
| | $2,997.15 |

"Basis price 4.70 plus prepay .289.

"Price guaranteed against decline of our own list under due date of each payment."

The confirmation of the sale and the duplicate invoice mailed to appellee constitute the only contract between appellant and appellee and is in writing. The confirmation and the duplicate invoice are set out above. It is unnecessary to set out the statement of the account filed with the complaint because there is no dispute as to the balance due, being $322.10, unless appellee is entitled to a credit of 53½ cents per 100 lbs., processing tax which it claims was included in the price fixed in the contract under the Agricultural Adjustment Act of May 12, 1933, which was declared unconstitutional by the Supreme Court of the United States on January 6, 1936.

Appellee filed an answer denying that it was indebted to the plaintiff in the sum of $322.10, claiming that this balance represented processing tax which was included in the contract and for which it was justly entitled to a credit. Appellee introduced some circulars it received in June, 1934, from A. S. Baker & Co., merchandise brokers, quoting to it the price of sugar, including 53½ cents per 100 pounds processing tax. The circulars did not purport to state that A. S. Baker & Co. represented South Coast Corporation, the appellant in the instant case, nor that at the time the circulars were sent out it represented appellant. They do not appear to be any part of the contract sued upon in this action.

Appellee, in paying for the sugar after the AAA had been declared invalid, deducted the processing tax at the rate of 53½ cents per 100 pounds from the price at which the sugar had been billed to it, and this suit was filed to collect the amount thus deducted.

The appellee defended in the court below upon the theory that appellant had added to the price of the sugar 53½ cents per 100 pounds, representing the processing tax thereon, and, that this tax having been held invalid before payment, thus relieving appellee from paying same, appellee was entitled to deduct the same as it had done in paying for the sugar and, therefore, was not indebted to appellant in the amount sued for.

The court submitted the case to the jury upon the issue of whether the processing tax was included in the sale price of the sugar, instructing the jury that, if it

were, appellee would be entitled to the deduction, but if not that appellant would be entitled to recover the amount deducted.

The jury returned a verdict favorable to appellee, upon which judgment was rendered, from which is this appeal.

We do not think the circulars sent to appellee, quoting prices on sugar, show any connection whatever with the sale of the car of sugar in question. They quoted prices on sugar more than a year before this sugar was ordered and did not show that they were sent out by A. S. Baker & Co., as agents for appellant, and were worthless as proof tending to show that the price at which the sugar in question was sold including the processing tax. The confirmation of the order and the duplicate invoice sent to appellee by appellant when the sugar was delivered do not show that the processing tax was absorbed or included in the contract price of the sugar, but do show that the sugar was sold at a fixed and determined price with the exception of guarantees which had no reference to the processing tax.

The law seems to be well settled that unless a manufacturer contracts to refund taxes imposed by the government to a buyer, the buyer cannot recover the tax because the tax is afterwards annulled or the act imposing same is declared to be unconstitutional.

The written contract in the instant case makes no provision whatever for a refund of any tax that was included in the price fixed and agreed upon. Neither does the written contract show that the processing tax was included in the price agreed upon for the sugar. The only substantial evidence in the record comes from C. F. Dohlberg, vice-president of appellant corporation, who states positively that the processing tax was not included in the price fixed in the contract for the sugar. It is true that John H. Johnston, who represented appellee, testified that in his opinion the processing tax was included in the price, but he gives no data whatever to base his conclusion upon and his evidence, therefore, in this particular, was not substantial. In fact, he admitted in a letter he wrote

appellant that the sugar was sold to appellee at a fixed and determined price with the exception of guarantees.

The court should have construed the written contract to mean that the sugar was sold to appellee by appellant at a fixed and determined price, and, based upon that construction, the court should have instructed the jury to return a verdict for appellant for the balance due under the terms of the contract.

On account of the error indicated, the judgment is reversed, and the cause is remanded with instructions to the trial court to render a judgment in favor of appellant for the balance due upon the account.